IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEENAN K. COFIELD | * | |
| Petitioner | | |
| v. | * | CIVIL ACTION NO. CCB-12-1261 |
| U.S. ATTY. GENERAL ERIC HOLDER | * | |
| FEDERAL BUREAU OF PRISONS | | |
| BALTIMORE CO. CIR. COURT | * | |
| Respondents | | |
| | *** | |

MEMORANDUM

On April 25, 2012, this court received for filing the above-captioned 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner Keenan K. Cofield seemingly attacks a number of convictions entered in the Circuit Court for Baltimore County in 2001, 2004-05, and 2011. Petitioner claims that his convictions were used to enhance his present federal conviction and his 2011 state conviction. He complains that none of the state court judgments was ever signed by a state court judge and the judgments were therefore never legally valid or final. ECF No. 1, Petition at 10, ¶ A. He also contends that in the unidentified 2001 and 2004-05 cases his final sentences were entered without counsel and he did not waive his right to appear or allocate, nor was he given notice to appeal. *Id.*, Petition at 10, ¶ B. He next contends that at unspecified sentencings he had no attorney present and that the terms of incarceration imposed are therefore invalid. *Id.*, Petition at 10, ¶C. Petitioner contends that the warrants which led to his arrests were not legally valid. *Id.*, Petition at 10, ¶D. Because he appears indigent, petitioner's motion to proceed *in forma pauperis* shall be granted. The petition shall, however, be dismissed without prejudice.

Petitioner attacks several state convictions in this one habeas corpus petition. Under the Rules Governing Section 2254 Cases, Rule 2(e), a petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each

court. This makes eminent sense in petitioner's case. With the amalgam of claims and convictions at issue, to it is not clear whether petitioner has exhausted his state court remedies or whether the § 2254 attacks the various convictions have been filed in a timely fashion under the one- year statute of limitations set out under 28 U.S.C. § 2254(d).

It is also unclear whether the claims to be considered are exhausted for purposes of federal habeas corpus review. Before a petitioner seeks federal habeas corpus relief, he must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*, 804 F.2d 838, 840 (4th Cir. 1986). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b) & (c). This may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 2001) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 132–33 (1987). The state courts are to be afforded the first review of federal constitutional challenges to state convictions in order to give the state court system "an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is

discretionary, when such review is part of the ordinary appellate review procedure. *See O'Sullivan*, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state supreme court. *Id.* at 847.

As previously noted, the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 added a one- year statute of limitations for habeas challenges to non-capital state court convictions. *See* 28 U.S.C. § 2244(d).[1] This one year period is, however, tolled while properly filed post-conviction proceedings are pending and may also be equitably tolled.

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner cites to three separate state convictions, two of which go back eleven and eight years, respectively. It is impossible to determine whether the claims are exhausted and are timely filed. For the aforementioned reasons, the court shall dismiss this petition without prejudice. Petitioner may refile his § 2254 attack, but in separate petitions for each state's conviction or convictions. A separate Order follows.


Date: June 8, 2012                             /s/
                                    Catherine C. Blake
                                    United States District Judge